UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL LATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-581 CAN |
| | ) | |
| ETHICON INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On December 15, 2008, Plaintiff, Michael Latson ("Latson"), filed his complaint in this Court. In the original complaint, Latson alleged that Ethicon Endo-Surgery Inc. negligently manufactured defective and unreasonably dangerous surgical mesh which caused Latson injury. On March 25, 2009, this Court held a Fed. R. Civ. P. 16(b) conference in which the parties consented to allow the undersigned to resolve all further matters in this case, pursuant to 28 U.S.C. § 636(c). On February 6, 2009, Defendant, Ethicon Endo-Surgery Inc., filed an answer contending that it was not the proper party as it did not manufacture the surgical mesh at issue. On March 17, 2009, Latson amended his complaint, replacing Ethicon Endo-Surgery Inc. with new Defendants, Ethicon Inc. and Johnson & Johnson ("Ethicon Inc.").

On April, 29, 2009, Ethicon Inc. filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), contending that Latson's amended complaint was not filed within the relevant statute of limitations and arguing that the amended complaint should not be permitted to relate back to the original filing. On May 28, 2009, Latson filed a response in opposition, contending that the amended complaint should be permitted relation back as Latson's failure to name Ethicon Inc.

and Johnson and Johnson in the original complaint qualifies as a "mistake" under Fed. R. Civ. P. 15(c). On June 5, 2009, Ethicon filed a reply.

Before this Court may enter an order resolving Ethicon Inc.'s pending motion to dismiss, this Court must first establish the status of the parties' consent to this Court's jurisdiction. Despite the fact that the originally named Defendant, Ethicon Endo-Surgery Inc., consented to this Court's jurisdiction during the Rule 16 Preliminary Pretrial Conference on March 25, 2009, the newly-added Defendants, Ethicon Inc. and Johnson and Johnson, were not present at the pretrial conference and, therefore, were unable to provide consent. In addition, since the newly-added Defendants were named in Latson's amended complaint, there is no filing in the record which formally establishes the consent of either Ethicon Inc. or Johnson and Johnson. Although this Court notes that both the former and newly-added Defendants share the same attorneys, this Court recognizes that each party must individually consent before consent jurisdiction can be established or, in this case, retained.

As such, this Court is sending jurisdiction consent forms contemporaneously with this order. Latson, Ethicon Inc. and Johnson and Johnson may return the signed consent forms and, when received, the undersigned will proceed. If, however, consents are not received by August 31, 2009, the undersigned will notify the Chief Judge who will then reassign this case.

**SO ORDERED.**

Dated this 14th Day of August, 2009.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge