UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL LATSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO. 3:08-CV-581 CAN |
| ETHICON INC., *et al.*, | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

On December 15, 2008, Plaintiff, Michael Latson ("Latson"), filed his complaint in this Court. In the original complaint, Latson alleged that Ethicon Endo-Surgery Inc. negligently manufactured defective and unreasonably dangerous surgical mesh which caused Latson injury. On March 25, 2009, this Court held a Fed. R. Civ. P. 16(b) conference in which the parties consented to allow the undersigned to resolve all further matters in this case, pursuant to 28 U.S.C. § 636(c). On February 6, 2009, Defendant, Ethicon Endo-Surgery Inc., filed an answer contending that it was not the proper party as it did not manufacture the surgical mesh at issue. On March 17, 2009, Latson amended his complaint, replacing Ethicon Endo-Surgery Inc. with new Defendants, Ethicon Inc. and Johnson & Johnson ("Ethicon Inc.").

On April, 29, 2009, Ethicon Inc. filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), contending that Latson's amended complaint was not filed within the relevant statute of limitations and arguing that the amended complaint should not be permitted to relate back to the original filing. On May 28, 2009, Latson filed a response in opposition, contending that the amended complaint should be permitted relation back as Latson's failure to name Ethicon Inc. and Johnson and Johnson in the original complaint qualifies as a "mistake" under Fed. R. Civ. P.

15(c). Specifically, Latson argues that Ethicon Inc. and Johnson and Johnson had notice of Latson's complaint and contends that both of the newly-added Defendants share an identity of interest with the originally named Defendant, Ethicon Endo-Surgery Inc. On June 5, 2009, Ethicon filed a reply.

On August 14, 2009, the newly-named Defendants, Ethicon Inc. and Johnson & Johnson, filed consent forms with this Court indicating their consent to allow the undersigned to resolve all further matters in this case, pursuant to 28 U.S.C. § 636(c). As such, the Court now enters is ruling on the pending motion to dismiss.

## I. FACTS

The following facts are either agreed or are otherwise undisputed. Further, for the purposes of a motion to dismiss, this Court assumes all well-pleaded factual allegations and all reasonable inferences drawn from Latson's complaint as true. See Jackson v. E.J. Brach Corp., 176 F.3d 971, 977 (7th Cir. 1999).

On November 8, 2005, Latson had surgery to repair an incisional hernia. During the surgery, a "Proceed"-brand surgical mesh was inserted into Latson. On June 6, 2006, a CT scan revealed that the Latson's hernia had reoccurred. On December 15, 2006, a diagnostic laparoscopy was performed on Latson, revealing that the Proceed mesh had pulled away from Latson's muscle wall.

On December 15, 2008, Latson filed a complaint against Ethicon Endo-Surgery Inc. contending that the Proceed surgical mesh was defective and asserting negligence and strict liability claims. Shortly thereafter, Ethicon Endo-Surgery Inc. notified Latson that it was not the maker of the Proceed surgical mesh as Latson had contended. On April 17, 2009, Latson

amended his complaint, asserting the same claims but naming new parties, Ethicon Inc. and Johnson and Johnson. Thereafter, Ethicon Endo-Surgery Inc. was terminated as a party in this action.

Ethicon Endo-Surgery Inc. and Ethicon Inc. are both subsidiaries of Johnson and Johnson.[1] Both subsidiary companies are in the business of manufacturing medical and surgical supplies. In addition, although each of the three companies have a different address and engage in separate activities, all three companies share the same attorneys.

The parties agree that, under the relevant statute of limitations, the final day for Latson to file his complaint was December 15, 2008.[2] As such, both parties also agree that Latson's original complaint, filed on that date, was timely filed. However, the parties disagree whether Latson's amended complaint, naming new parties four months after the relevant statute of limitations period had run, relates back to the original statute of limitations deadline and was timely filed. Accordingly, on April 29, 2009, Ethicon Inc. filed a motion to dismiss Latson's amended complaint, contending that Latson's amended complaint was not timely filed. This Court may enter a ruling in this matter based on the parties' consent. 28 U.S.C. § 636(c).

## II. ANALYSIS

### A. Fed. R. Civ. P. 12(b) Standard

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is

---

[1] In December 1995, a company named Ethicon Inc. merged into Ethicon Endo-Surgery Inc.

[2] The parties agree that the relevant statute of limitations period is two years after Latson discovered his injury and the alleged tortious action. See I.C. § 34-20-3-1(b)(1); I.C. § 34-11-2-4. See also Wehling v. Citizens Nat'l Bank, 586 N.E.2d 840, 843 (Ind. 1992) (holding that a tort action accrues "when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another."). The parties further agree that Latson made the relevant discovery of his injury on December 15, 2006, when the diagnostic laparoscopy was performed and the receding mesh was first revealed.

3

appropriate if the complaint sets forth no viable cause of action upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); Challenger v. Ironworkers Local No. 1, 619 F.2d 645, 649 (7th Cir. 1980). In assessing the propriety of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court accepts all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them as true. Jackson v. E.J. Brach Corp., 176 F.3d 971, 977 (7th Cir. 1999). A party's claims are subject to dismissal only if it is clear that he can prove no set of facts consistent with the allegations in the complaint that would entitle him to relief. Scott v. City of Chi., 195 F.3d 950, 951 (7th Cir. 1999). The Court is not required to accept a party's legal conclusions. Fries v. Helsper, 146 F.3d 452, 456 (7th Cir. 1998), cert. denied 525 U.S. 930 (1998).

    C.    Ethicon's Motion to Dismiss

Under certain circumstances, Fed R. Civ. P. 15(c) permits "relation back" of an amended complaint to the date that the original complaint was filed, even after the statute of limitations period has run. Fed. R. Civ. P. 15(c). Mitchell v. CFC Financial LLC, 230 F.R.D. 548, 549 (E.D.Wis. 2005). The purpose of allowing relation back is to prevent the barring of a legitimate legal claim because a plaintiff mistakenly identified the party to be sued. Mitchell, 230 F.R.D. at 549 ("[T]he purpose of the relation back concept is to permit a claim to be tried on its merits rather than being dismissed based on a technicality, so long as the purpose underlying the statute of limitations has been satisfied") (internal citations omitted); Hill v. Shelander, 924 F.2d 1370, 1375 (7th Cir. 1991) ("[This rule] ... recognizes that legitimate legal claims may not be squelched when a party mistakenly identifies a party to be sued within the meaning of Rule 15(c)").

4

As such, courts are instructed to interpret Rule 15(c) in accordance with the general practice of liberally construing the Federal Rules of Civil procedure to "see[] that cases are tried on the merits and to dispense with technical procedural problems." <u>Mitchell</u>, 230 F.R.D. at 549-550; <u>Capdevila v. Sheahan</u>, 1995 WL 399690, at *2 (N.D. Ill. 1995). Consequently, so long as the purposes of the Rule are satisfied, courts should freely grant leave to amend. <u>Staren v. American Nat'l Bank and Trust Co. of Chi.</u>, 529 F.2d 1257, 1263 (7th Cir. 1976) ("To this end, amendments pursuant to Rule 15(c) should be freely allowed.").

The first requirement of the Rule is that the claim asserted in the amended pleading must arise from the same transaction or occurrence as did the original claim. Fed. R. Civ. P. 15(c)(1)(B). <u>Mitchell</u>, 230 F.R.D. at 550; <u>Worthington v. Wilson</u>, 790 F.Supp. 829, 833 (C.D. Ill. 1992). The second requirement is that the new defendant must have received notice of the institution of the action within 120 days of the filing of the initial complaint. Fed. R. Civ. P. 15(c)(1)(C). <u>Mitchell</u>, 230 F.R.D. at 550; <u>Worthington</u>, 790 F.Supp. at 833. Ethicon Inc. concedes that these first two elements of the Rule have been satisfied. Specifically, Ethicon Inc. states,

> There is no question that Plaintiff's Amended Complaint "arose out of the same conduct, transaction or occurrence set out in Plaintiff's Complaint. There is also no question that Ethicon, Inc. and Johnson and Johnson had notice of the action within the time for serving the summons and original complaint . . .

<u>See</u> Ethicon's Inc. Brief in Support, Doc. No. 23 at 6 n3 (internal quotes and citations omitted). As such, this Court considers these elements to be satisfied.

The third requirement of the Rule - the satisfaction of which, the parties are disputing - demands that the proponent of the amended pleading establish: (1) that the new defendant received such notice of the action that it will not be prejudiced in defending on the merits, and

(2) that the new defendant knew or should have known that it would have been named in the original pleading but for some mistake in identification. Rule 15(c)(1)(C)(I), (ii). <u>Wiesner v. Fontaine Truck Equipment Co., Inc.</u>, 2007 WL 4522612, at *2 (N.D.Ill. 2007); <u>Mitchell</u>, 230 F.R.D. at 550.

Ethicon Inc. and Johnson and Johnson contend that Latson's amended complaint does not relate back under Rule 15, arguing that Latson's failure to name the proper defendant within the time period was not due to the type of "mistake" contemplated under the Rule. In particular, Ethicon Inc. and Johnson and Johnson argue that Latson's failure to name them in the original complaint was due to Latson's inadequate research regarding the proper party to sue. Latson responds that his mistake was precisely the type contemplated under the Rule, arguing that, given the identity of interest between the newly-added Defendants and the originally named Defendant and the notice received by them, the newly-added Defendants knew or should have known that, but for Latson's mistake, they would have been named in the original complaint. This Court finds Latson's position persuasive.

To begin, this Court is instructed that the most prominent factors for a court to consider when deciding whether to allow relation back are whether the added defendants received adequate notice or would be prejudiced by the plaintiff's late filing. <u>See</u> 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1498 (2d ed. 1990 & Supp. 2009) [hereinafter Wright, Miller & Kane]; 12 A.L.R. Fed. 233 § 7[a]. This Court has already discussed that the newly-added Defendants conceded that they received notice of Latson's claim. Further, this Court notes that the newly-added Defendants do not contend that Latson's delay in filing his amended complaint has somehow obstructed their ability to

6

adequately defend against Latson' claims. Having, therefore, noted that notice to the newly added defendants was adequate and that any resulting prejudice from Latson's amended filing is minimal, this Court initially concludes that Latson's amended complaint was appropriate and should be permitted to relate back.

This Court is further convinced that Latson's complaint should be permitted relation back, after considering the relationship between the original and later-added Defendants. A court may find it reasonable to impute notice to the new defendant if there is a sufficient identity of interest between the original and new defendant. Mitchell, 230 F.R.D. at 550; Wright, Miller & Kane, supra, § 1499 ("When the named defendant and the party that the plaintiff actually intended to sue have an "identity of interest," an amendment adding the proper party will relate back if the other requirements of Rule 15(c) have been satisfied.").

Identity of interest means that "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Wright, Miller & Kane, supra, § 1499. An identity of interest has been found between a parent and a subsidiary and between related corporations whose officers, directors, or shareholders are substantially identical and who may have similar names or conduct their business from the same offices. Mitchell, 230 F.R.D. at 550; Olsen, 2000 WL 34230095 at *3; Wright, Miller & Kane, supra, § 1499. Although Ethicon Endo-Surgery Inc. and Ethicon Inc. have separate offices and separate board of directors, both have similar names, both are subsidiaries of Johnson and Johnson, and both are in the business of manufacturing medical and surgical supplies. See Wiesner v. Fontaine Truck Equipment Co., Inc., 2007 WL 4522612, at *3 (N.D.Ill. 2007) (holding that the added defendant knew or should have known that it was the

proper defendant when the named parties shared similar industries and were owned by the same parent company). In addition, although the history is not entirely clear from the parties' briefs, it appears that Ethicon Endo-Surgery Inc. was created as a result of a merger with a company named Ethicon Inc. See Wright, Miller & Kane, supra, § 1499 (noting that identity of interest has also been found between past and present forms of the same enterprise). See also Mitchell, 230 F.R.D. at 551-552 (holding that a newly added defendant knew or should have known that it was the proper defendant when the the added defendant is merely an extension of the originally named plaintiff whose name had changed as the result of a merger). Further, although the newly-added Defendants claim to be independent of one another and independent from the original Defendant in terms of management and operations, the newly-added Defendants do not deny that they share the same attorney. See Mitchell, 230 F.R.D. at 550 ("Identity of interest may be present . . . when original and new corporate defendants . . . share legal counsel and counsel is likely to have communicated to the new defendant that it may be joined in the action."). All of these factors lead this Court to conclude that the newly-added Defendants, Ethicon Inc and Johnson and Johnson, share an identity of interest with Ethicon Endo-Surgery Inc. that is sufficient to impute notice of Latson's claim at the time it was filed.

In conclusion, because the newly-added Defendants had both actual and imputed notice of Latson's claim at the time it was filed and because the newly-added Defendants are not otherwise prejudiced by Latson's later-filed amended complaint, this Court finds that Ethicon Inc. and Johnson and Johnson knew or should have known that "but for a mistake concerning the identity of the proper party, the action would have been brought against [them]." Fed. R. Civ. P. 15(c)(1)(C)(ii). As such, this Court holds that Latson's amended complaint, asserting claims

8

against Ethicon Inc. and Johnson, relates back to the date on which the original complaint was filed. In Mitchell, the Court held that, "the purpose of the relation back concept is to permit a claim to be tried on its merits rather than being dismissed based on a technicality . . .." Mitchell, 230 F.R.D. at 549. That principle applies in this case as well.

## II.   CONCLUSION

For the reasons stated, Ethicon's motion to dismiss is **DENIED**. [Doc. No. 22].

**SO ORDERED.**

Dated this 21st Day of August, 2009.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge