UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL LATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-581 CAN |
| | ) | |
| ETHICON INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On December 15, 2008, Plaintiff, Michael Latson ("Latson"), filed his complaint in this Court. In the original complaint, Latson alleged that Ethicon Endo-Surgery Inc. negligently manufactured defective and unreasonably dangerous surgical mesh which caused Latson injury. On February 6, 2009, Defendant, Ethicon Endo-Surgery Inc., filed an answer contending that it was not the proper party as it did not manufacture the surgical mesh at issue. On March 17, 2009, Latson amended his complaint, replacing Ethicon Endo-Surgery Inc. with new Defendants, Ethicon Inc. and Johnson & Johnson ("Ethicon Inc.").

On April, 29, 2009, Ethicon Inc. filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), contending that Latson's amended complaint was not filed within the relevant statute of limitations and arguing that the amended complaint should not be permitted to relate back to the original filing. On May 28, 2009, Latson filed a response in opposition, contending that the amended complaint should be permitted relation back as Latson's failure to name Ethicon Inc. and Johnson and Johnson in the original complaint qualifies as a "mistake" under Fed. R. Civ. P. 15(c). Specifically, Latson argued that Ethicon Inc. and Johnson and Johnson had notice of Latson's complaint and contends that both of the newly-added Defendants share an identity of

interest with the originally named Defendant, Ethicon Endo-Surgery Inc. On June 5, 2009, Ethicon filed a reply. On August 21, 2009, this Court concluded that relation back was appropriate under Fed. R. Civ. P. 15(c) and denied Ethicon Inc.'s motion to dismiss.

On September 9, 2009, Ethicon Inc. filed a motion for reconsideration and a motion for certification for interlocutory appeal. Specifically, Ethicon Inc. alleges that this Court failed to address the underlying issue of "mistake" and analyzed Ethicon Inc.'s motion to dismiss in a manner contrary to 7th Circuit precedent. On October 28, 2009, Latson filed a response, contending that this Court did rule upon the issue of mistake and relied upon valid and distinguishable case law to support its conclusions. For the following reasons, this Court agrees with Latson and **DENIES** both forms of Ethicon Inc.'s requested relief. [Doc. No. 34].

**I.    ANALYSIS**

To begin, Ethicon Inc. raises two arguments to justify reconsideration of this Court's prior order. First, Ethicon Inc. argues that this Court failed to conclude whether Latson made a "mistake concerning the identity of the proper party" as required by Fed. R. Civ. P. 15(c). Second, Ethicon Inc. contends that this Court failed to apply "unequivocal" Seventh Circuit precedent in deciding that Latson's amended complaint warranted relation back under the Rule. Specifically, Ethicon Inc. implies that this Court relied solely and improperly upon legal treatises rather than settled Seventh Circuit precedent.

Next, Ethicon Inc. pivots somewhat from these arguments to justify, in the alternative, its arguments for certification of interlocutory appeal. In particular, Ethicon Inc. argues that, because an opposite ruling of this Court's prior order would have termed this case, Ethicon's argues that the issue is a controlling issue of law. Further, in a contrast to its argument regarding

this Court's alleged failure to apply "unequivocal" and established 7th Circuit precedent, Ethicon Inc. notes that numerous district courts have "diverged" and taken "different tacks [*sic*]" in applying that precedent. As such, Ethicon argues that there is sufficient ground for difference of opinion regarding that status of law to justify immediate appeal on the issue.

Motions for reconsideration serve a limited function to correct manifest errors of law. In re Aug., 1993 Regular Grand Jury, 854 F.Supp. 1403, 1407 (S.D. Ind. 1994) (hereinafter ("In re Aug.")). "While motions to reconsider exist to correct manifest errors of law, they are not appropriate vehicles to again advance arguments already rejected by the court." Id.

Orders certifying interlocutory appeal also serve a limited function. Specifically, 28 U.S.C. § 1292(b) only allows certification of narrow issues of law for immediate, interlocutory appeal, prior to final judgment, when,

> [A] district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292. The purpose of Section 1292(b) is "that if a case turn[s] on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait [un]til the end of the case." Ahrenholz v. Board of Tr. of Univ. of Ill., 219 F.3d 674, 677 (7th Cir. 2000). All three of these conditions must be met in order to justify modification of this Court's order to allow such an appeal.

    A.    Motion for Reconsideration

3

Fed. R. Civ. P. 15(c) allows relation back of amended complaints when three requirements are met. The first requirement of the Rule is that the claim asserted in the amended pleading must arise from the same transaction or occurrence as did the original claim. Fed. R. Civ. P. 15(c)(1)(B). Mitchell v. CFC Financial LLC, 230 F.R.D. 548, 550 (E.D.Wis. 2005); Worthington v. Wilson, 790 F.Supp. 829, 833 (C.D. Ill. 1992). The second requirement is that the new defendant must have received notice of the institution of the action within 120 days of the filing of the initial complaint. Fed. R. Civ. P. 15(c)(1)(C). Mitchell, 230 F.R.D. at 550; Worthington, 790 F.Supp. at 833. Ethicon Inc. conceded that these first two elements had been satisfied and this Court did not consider them further.

The third requirement of the Rule, the subject of the prior dispute, demands that the proponent of the amended pleading establish: (1) that the new defendant received such notice of the action that it will not be prejudiced in defending on the merits, and (2) that the new defendant knew or should have known that it would have been named in the original pleading but for some mistake in identification. Rule 15(c)(1)(C)(I), (ii). Wiesner v. Fontaine Truck Equipment Co., Inc., 2007 WL 4522612, at *2 (N.D.Ill. 2007); Mitchell, 230 F.R.D. at 550.

Regarding this Court's evaluation of this third requirement in its prior order, Ethicon Inc. contends that this Court failed to make a ruling on the issue of mistake and improperly relied upon "the general language of treatises" and "the general propositions that notice and prejudice are factors [under the Rule]," rather than established precedent. However, neither argument is persuasive or accurate.

Contrary to Ethicon Inc.'s contentions, in evaluating the third requirement of the Rule, this Court relied upon and modeled its analysis of this factor around no-less-than three recent

4

District Court cases from courts within this Circuit. Further, pursuant to that analysis, this Court ultimately and unequivocally concluded that,

> [B]ecause the newly-added Defendants had both actual and imputed notice of Latson's claim at the time it was filed and because the newly-added Defendants are not otherwise prejudiced by Latson's later-filed amended complaint, this Court finds that Ethicon Inc. and Johnson and Johnson knew or should have known that *but for a mistake concerning the identity of the proper party*, the action would have been brought against them.

See Doc. No. 31 at 8 (emphasis added and internal citations omitted). As such, this Court's decision was neither as ephemerally grounded or incomplete as Ethicon Inc. contends.

Ethicon Inc.'s arguments regarding this Court's alleged failure to follow clearly-established 7th Circuit precedent on this issue is equally unpersuasive. Ethicon Inc. argues that this Court failed to apply settled 7th Circuit precedent, by not narrowly concluding that this issue fit squarely within the holdings of Worthington v. Wilson, 8 F.3d 1253 (7th Cir. 1993) and Hall v. Norfolk S. R.R. Co., 469 F.3d 590 (7th Cir. 2006). Specifically, throughout the first part of its brief addressing reconsideration, Ethicon Inc. contends that these two cases have "unequivocally" established that mistake can only be found when an unrepresented plaintiff faces unique impediments to a pre-suit investigation of the party to be sued and, therefore, names the wrong party. However, even Ethicon Inc. concedes, in the second part of its brief addressing interlocutory appeal, that "other courts have diverged from the clear precedent set forth by [these cases]" and that these "divergent tacks [*sic*]" undisputedly establish that "substantial ground for difference of opinion exists" regarding the status of the law. In particular, Ethicon Inc. notes the "divergent" opinions in Wiesner v. Fontaine Truck Equipment Co., Inc., 2007 WL 4522612 (N.D.Ill. 2007) and Mitchell v. CFC Financial LLC, 230 F.R.D. 548, 550 (E.D.Wis. 2005). Although this Court grounded its analysis in the holding of these two "divergent" cases and that

5

of <u>Olsen v. Marshall & Ilsley Corp.</u>, 2000 WL 34230095 (W.D. Wis. 2000), Ethicon Inc. deliberately fails to acknowledge that this Court's relied on these cases when analyzing the third requirement of the Rule.

In <u>Wiesner</u>, decided a year after <u>Hall</u> and fourteen years after <u>Worthington</u>, the court analyzed the issue of mistake through an analysis of identity of interest. That is, the <u>Wiesner</u> court concluded that a mistake, warranting relation back of an amended complaint, was found where the original and subsequently named defendants had similar business names, were engaged in similar industries, and were both formally owned by the same parent company. See <u>Wiesner, Inc.</u>, 2007 WL 4522612 at *3.

In <u>Mitchell</u>, decided a year prior to <u>Hall</u> but not directly overruled by it, the court used an identity of interest analysis to determine sufficiency of notice, citing such characteristics as relationships within the same corporate family, shared corporate officers and shared legal counsel. See <u>Mitchell</u>, 230 F.R.D. at 550. Next, the <u>Mitchell</u> court distinguished three different types of mistakes and detailed the typical manner in which courts have been inclined to handle each type. <u>Id</u>. at 550-51. In particular, the <u>Mitchell</u> court drew a distinction between cases in which the plaintiff failed to name the legally proper entity and cases in which the plaintiff's alleged mistake was properly considered a "tactical choice," such as when the plaintiff had no idea that the proper defendant existed or did not know the defendant's name and simply sued a John Doe. <u>Id</u>. The <u>Mitchell</u> court noted that the former type of cases were typically allowed relation back, while the latter would likely be considered outside the Rule's provisions. <u>Id</u>. Even in those latter cases, however, the <u>Mitchell</u> court argued that,

> [A]s long as the [the Rule's] notice requirements are met, allowing amendments . . . to relate back would advance the general policy behind the Federal Rules of

6

> facilitating decisions on the merits rather than on technicalities as well as the specific policy underlying Rule 15(c)'s relation back provision, that of allowing relation back where the correct defendant was already on notice.

Id. at 551.

Similarly, the Olsen court, also untouched by the Hall decision, drew a distinction between cases in which the plaintiff's mistake was a deliberate, tactical choice and relation back was not permitted, and cases in which the plaintiff's mistake was a misnomer or was caused by a mistake due to similar identity of interest and relation back was permitted. Olsen, 2000 WL 34230095 at *3-4. Similar to Mitchell, the Olsen court held that, where mistake was founded upon similarities based upon close corporate relationships, shared directors and similar names, relation back was permitted under the Rule. Id. at *4. In such cases, the Olsen court held that there was no prejudice to the latter-added Defendant because, based upon the corporate relationship, that Defendant had notice of the claim. Id.

This Court grounded its analysis upon the holding in these three cases, concluding that a sufficient identity of interest existed between the originally-named Ethicon Endo-Surgery Inc. and the latter-named Ethicon Inc. and Johnson and Johnson, to impute that the latter-added Defendants had notice of Latson's claim and that "but for a mistake concerning the identity of the proper party, the action would have been brought against them." See Doc. No. 31 at 6-9. Specifically, in concluding that the Defendants had a sufficient identity of interest to impute notice and mistake, this Court noted that the three Defendants have similar names, are all part of the Johnson & Johnson corporate family, are all in the business of manufacturing medical and surgical supplies, and all share the same attorney. See Doc. No. 31 at 7-8. As such, in contrast

7

to Ethicon Inc.'s assertions to the contrary, this Court neither failed to determine mistake nor failed to analyze the third requirement of the Rule under the law of this Circuit.

Rendering its opinion on the firmly-grounded and consistent opinions of these three District Court cases, this Court did not consider it necessary to further distinguish its holdings from the 7th Circuit cases cited by Ethicon Inc. However, because this Court does not agree with Latson's argument that these District Court cases are "divergent" from the "unequivocal" precedents of Worthington and Hall, this Court will briefly discuss these cases in relation to the cases cited by Latson.

Consistent with the cases cited by this Court, the Worthington court held that a *pro se* plaintiff's deliberate decision to name two John Does, two days before the statute of limitations had run, rather than investigate which police officers allegedly harmed him, was insufficient to establish a mistake and warrant relation back. Worthington, 8 F.3d at 1256-57. Similarly, the Hall court concluded that a plaintiff's deliberate decision to name the wrong corporation, three days before the limitations period expired, because he didn't know the actual identity of the party who harmed him did not warrant relation back under the Rule. See Hall, 469 F.3d at 596. However, both Worthington and Hall are silent as to situations, such as those here and in the Mitchell and Wiesner cases. In the present case and in Mitchell and Wiesner, the plaintiff did not deliberately name an improper party simply to avoid the statute of limitations period. Rather, here and in those cases, the Plaintiff mistakenly failed to name the proper party because of a confusing identity of interest between the named and unnamed Defendants. As this Court and the Mitchell and Wiesner courts have concluded, in such situations, the plaintiff makes an excusable mistake because the mistake is directly attributable to the close identity of interest

between the Defendants and because the shared identity is sufficient to give the properly named Defendants notice of the claim at the time it was filed, even despite ("but for") the plaintiff's mistake. Therefore, the holdings in Worthington and Hall are distinguishable form the facts of this case and do not preclude the amendment the Plaintiff proposed to the complaint. This conclusion is also consistent with other District Court decisions of this Circuit, which have addressed the issue. See Wiesner and Mitchell.

Because this Court opined in its prior opinion that Latson made a mistake, sufficient to warrant relation back of his amended complaint and because this Court did so in a manner consistent with the established law of this Circuit, this Court concludes that there are no manifest errors of law to justify reconsideration of its prior order. As such, Ethicon Inc.'s motion in this regard is **DENIED**.

      B.    Motion for Interlocutory Appeal

The issue presented by Ethicon arguably presents a potentially controlling issue of law, in that a reversal of this Court's decision would likely have termed this case due to the plaintiffs failure to name the proper Defendant prior to the expiration of the statute of limitations. However, this Court does not agree that the distinguishing characteristics between the established precedent in this Circuit is sufficient to establish that "substantial ground for difference of opinion" regarding the status of the law, sufficient to create an issue for interlocutory appeal. Rather than considering this Court's prior decision to be contrary to established precedent, this Court concludes that its prior decision is firmly established within the bounds of distinguishable rather than divergent precedent in the Circuit. Consequently, Ethicon Inc.'s motion in this regard is also **DENIED**.

## II. CONCLUSION

For the aforementioned reasons, this Court now **DENIES** Ethicon Inc.'s motion for reconsideration and motion for modification and certification for interlocutory appeal. [Doc. No. 34].

**SO ORDERED.**

Dated this 13th Day of November, 2009.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge